**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THOMAS NEHME and JEAN SAAD,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　Case No:   6:22-cv-1546-WWB-LHP

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY and
DIRECTOR, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

    Defendants

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNOPPOSED MOTION TO STAY CASE   (Doc. No. 11)
>
> **FILED:** November 8, 2022
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

This case has been referred to the undersigned "for case management, ruling on all non-dispositive motions, and the issuance of Report and Recommendations

on dispositive motions." Doc. No. 7. On November 8, 2022, Defendants filed an Unopposed Motion to Stay Case, in which Defendants move, without opposition from Plaintiffs, for a stay of the case pending adjudication of Plaintiffs' Form I-485, Application to Register Permanent Residence or Adjust Status by the United States Citizenship and Immigration Services ("USCIS"). Doc. No. 11. According to the motion, since the filing of the complaint in this case, USCIS has issued a request for evidence related to adjudication of Plaintiffs' Application, and a stay of the case would allow USCIS to adjudicate the Application upon receipt of Plaintiffs' response, the deadline for which is February 2, 2023. *Id.*

District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances.").

Upon consideration of the representations in the Defendants' Motion, and without opposition from Plaintiffs, the undersigned finds the request for a stay well taken. Accordingly, it is **ORDERED** as follows:

1. The Unopposed Motion to Stay Case (Doc. No. 11) is **GRANTED**.

2. The case is **STAYED** until further order from the Court, and the Clerk of Court is **DIRECTED** to administratively close the file.

3. The parties are **DIRECTED** to file a status report every **ninety (90) days** after the date of this Order and every **ninety (90) days** thereafter, addressing the status of USCIS's adjudication of Plaintiffs' Application.

4. If the matter is wholly resolved before USCIS, the parties shall immediately notify the Court.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2022.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties